[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Darrell Gibbs appeals from the judgment of the trial court granting a directed verdict in favor of defendant-appellee Brooks Booker on the issue of future damages.
Gibbs and Booker were involved in a motor vehicle accident in October 1998. As a result, Gibbs received treatment at an emergency room. Afterward, Gibbs also received some physical therapy through March 1999. Gibbs's medical bills totaled approximately $1,331 at that point.
Then, more than a year and a half later, Gibbs began treating with a chiropractor in November 2000. By the time of the trial in June, 2001, Gibbs had incurred over $4,000 in costs for the chiropractic treatment.
At trial, Booker conceded that the sums of $1,331 in medical expenses and $152 in lost wages were causally related to the accident. Following the testimony of Gibbs's chiropractor, Booker moved for directed verdict on the issue of future pain and suffering, future chiropractic expense and future inability to perform usual activities. The trial court granted Booker's motion.
In a single assignment of error, Gibbs claims that the trial court erred by "not allowing the issue of future damages to go to the jury." Under Civ.R.50(A)(4), a directed verdict may be granted where, after construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, which is adverse to the nonmoving party.[1] The trial court is confronted solely with a question of law: whether sufficient material evidence has been presented at trial on the issue to create a factual question for the jury.[2]
In order to recover future damages, a plaintiff must prove by sufficient evidence that he is reasonably certain to incur such damages in the future.[3] In this case, Gibbs's chiropractor did not testify as to the need for future chiropractic treatment to a reasonable degree of medical probability. He merely stated that Gibbs "calls up when he needs it." This testimony was clearly too speculative to be the basis for an award of future damages.[4]
The jury returned a verdict in favor of Gibbs in the amount of $1,700. Of that amount, $217 was awarded for pain and suffering, while the remainder was the amount that had been conceded by Booker for Gibbs's earlier medical treatment and lost wages. It is evident that, although the trial court allowed Gibbs to present evidence of his chiropractor's treatment, diagnosis, and expenses, the jury rejected that testimony and accepted the testimony of Booker's expert witness.
Because Gibbs provided no testimony from the chiropractor that would have demonstrated future medical expenses or pain and suffering, we hold that the trial court did not err in directing a verdict in favor of Booker on the issue of future damages. We overrule Gibbs's single assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.
[1] See, e.g., Champ v. Wal-Mart Stores, Inc. (Mar. 22, 2002), Hamilton App. No. C-010283, unreported; see, also, Texler v. D.O. Summers Cleaners
(1998), 81 Ohio St.3d 677, 679, 693 N.E.2d 271, 273.
[2] See Malone v. Courtyard by Marriott (1996), 74 Ohio St.3d 440,445, 659 N.E.2d 1242, 1247; see, also, Loge v. Miniard (Mar. 29, 2002), Hamilton App. No. C-000741, unreported.
[3] Galayda v. Lake Hosp. Sys. Inc. (1994), 71 Ohio St.3d 421,425, 644 N.E.2d 298, 301.
[4] See Weir v. Moorehead (Mar. 6, 1997), Tuscarawas App. No. 96AP05004, unreported; see, also, Williams v. Noden (Feb. 15, 1995), Summit App. No. 16857, unreported; Union v. Clevenger (July 7, 1988), Cuyahoga App. No. 54030, unreported.